**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000006
10-SEP-2024
08:12 AM
Dkt. 73 SO**

NO. CAAP-23-0000006

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOSHUA MASUDA-MERCADO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-20-0000731)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Joshua **Masuda-Mercado**, appeals

from the Circuit Court of the Third Circuit's[1] December 16, 2022

Judgment of Conviction and Sentence. Following a jury trial,

Masuda-Mercado was convicted of (1) Attempted Sexual Assault in

the First Degree, in violation of Hawai'i Revised Statutes (**HRS**)

§§ 705-500(1)(b) and 707-730(1)(b) (2014), for a July 2, 2019

incident (**Count 1**), and (2) Continuous Sexual Assault of a Minor

---

[1]  The Honorable Wendy M. DeWeese presided.

Under the Age of Fourteen Years, in violation of HRS § 707-733.6 (2014), for the period between November 1, 2014 through August 31, 2018 (**Count 2**).[2]

---

[2] In relevant part, Masuda-Mercado's conviction was under the following sections of the Hawaiʻi Revised Statutes:

> **§705-500  Criminal attempt.**  (1) A person is guilty of an attempt to commit a crime if the person:
>
> > (a)   Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or
> >
> > (b)   Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.
>
> (2)   When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.
>
> (3)   Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.
>
> **§707-730  Sexual assault in the first degree.**  (1) A person commits the offense of sexual assault in the first degree if:
>
> . . . .
>
> > (b)   The person knowingly engages in sexual penetration with another person who is less than fourteen years old[.]
>
> **§707-733.6  Continuous sexual assault of a minor under the age of fourteen years.**  (1) A person commits the offense of continuous sexual assault of a minor under the age of fourteen if the person:
>
> (continued . . .)

On appeal, Masuda-Mercado challenges the jury instructions as to Count 1 and Count 2, and the constitutionality of HRS § 707-733.6. While this appeal was pending, the Hawaiʻi Supreme Court deemed HRS § 707-733.6 constitutional. The jury instructions given in this case, however, were erroneous.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced by the parties, we resolve this appeal as discussed below, and vacate and remand.

(**1**) As to Count 1, Masuda-Mercado contends the instructions were erroneous because "the jury was not instructed that a conviction could only be based on an attempt to (a) . . . lick or (b) digitally penetrate [complainant's] genitals."[3]

_____

(. . . continued)

> (a) Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and
>
> (b) Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, while the minor is under the age of fourteen years.
>
> (2) To convict under this section, the trier of fact, if a jury, need unanimously agree only that the requisite number of acts have occurred; the jury need not agree on which acts constitute the requisite number.

[3] Masuda-Mercado also argues the instructions on Count 1 failed to name the complainant, confusingly set forth the State's burden of proof, and

(continued . . .)

Masuda-Mercado argues the instructions did not accurately reflect the acts alleged in the Second Amended **Bill of Particulars** while the definitions improperly "included additional prohibited acts."

"[O]nce a bill of particulars is filed, the State is <u>limited</u> to proving the particulars specified in the bill." <u>State v. Valenzona</u>, 92 Hawaiʻi 449, 452, 992 P.2d 718, 721 (App. 1999) (emphasis added).

"[O]n appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." <u>State v. Nichols</u>, 111 Hawaiʻi 327, 334, 141 P.3d 974, 981 (2006) (citation omitted). To vacate a conviction there must be "a reasonable possibility that the error contributed to the defendant's conviction, *i.e.*, that the erroneous jury instruction was not harmless beyond a reasonable doubt." <u>Id.</u> at 337, 119 P.3d at 984.

The Bill of Particulars provided the specific acts the State intended to prove at trial,

---

(. . . continued)

incorrectly used statutory definitions. Masuda-Mercado makes similar arguments challenging the instruction on the included offense of Attempted Sexual Assault in the Third Degree. However, we decline to address these arguments in light of our decision.

4

> **As to Count 1:** The State contends on or about July 2, 2019, in the County of Hawaiʻi, the Defendant knowingly engaged in sexual penetration of [the complainant], a minor born in the year of 2006 who was less than 14 years-old, and said penetration consisted of: cunnilingus, to wit, the Defendant used his tongue and/or mouth to lick [complainant's] genitals; and/or Defendant digitally penetrated [complainant's] genitals.

(Some emphasis omitted and added.) The Bill of Particulars also stated, "[t]he State contends the Defendant engaged in acts of sexual penetration and/or sexual contact with the complainant . . . , a minor born in the year 2006" and "[f]or purposes of the Indictment, the following definitions apply[.]" The definitions for "sexual contact" and "sexual penetration" under HRS § 707-700 (2014) were then provided.

Upon cursory examination, the inclusion of the definitions for "sexual penetration" and "sexual contact" in the Bill of Particulars appears to provide Masuda-Mercado notice of the statute's prohibited acts so he could prepare an appropriate defense. See State v. Balanza, 93 Hawaiʻi 279, 286, 1 P.3d 281, 288 (2000) (stating the purpose of a bill of particulars "is to help the defendant prepare for trial and to prevent surprise").

During the course of trial, however, the circuit court granted Masuda-Mercado's Motion for a Judgment of Acquittal as to Sexual Assault in the First Degree because "viewing the evidence in the light most favorable to the State the evidence is insufficient to support a prime [(sic)] facie case of Sex Assault in the First Degree." The circuit court then instructed

5

the jury on the included offense of Attempted Sexual Assault in the First Degree.  See State v. Behrendt, 124 Hawaiʻi 90, 110, 237 P.3d 1156, 1176 (2010) (holding when a rational basis based on the evidence exists, a court may instruct a jury on a lesser included offense).

As part of the attempt instruction, the court instructed that "[a] person commits the offense of Sexual Assault in the First Degree if he knowingly engages in sexual penetration with a minor who is less than fourteen years old." The instruction defined sexual penetration as including deviate sexual intercourse:

> "Sexual penetration" means:
>
> (1)  Vaginal intercourse, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital opening of another person's body; it occurs upon any penetration, however slight, but emission is not required.  "Genital opening" includes the anterior surface of the vulva or labia majora; or
>
> (2)  Cunnilingus, whether or not actual penetration has occurred.

(Some formatting altered and emphasis added.)

But the instruction did not include the definition for deviate sexual intercourse, which means "sexual gratification between a person and an animal or a corpse[.]"  HRS § 707-700. The instruction also did not include the acts specified in the Bill of Particulars.

6

Including deviate sexual intercourse in the definition of sexual penetration, yet not defining it, is problematic because it is a term with a specific statutory definition. Although the State presented no evidence of deviate sexual intercourse as statutorily defined, there is a reasonable possibility the jury may have interpreted Masuda-Mercado's alleged sexual interactions with complainant as deviating from the norms of society. See State v. Uyesugi, 100 Hawaiʻi 442, 452, 60 P.3d 843, 853 (2002) (noting that when a circuit court does not define a term, jurors are "left to define the word according to its ordinary usage").

When considering the modification of the charge, the breadth of testimony related to sexual acts occurring prior to Count 1's timeframe, the lack of specificity in the culminated offense, and the definitions provided, there was a reasonable possibility that omitting the Bill of Particulars Count 1 acts from the instructions while including a broadened definition of sexual penetration (i.e., deviate sexual intercourse) may have contributed to Masuda-Mercado's Count 1 conviction. See Nichols, 111 Hawaiʻi at 334, 141 P.3d at 981.

(**2**)  As to Count 2, Masuda-Mercado similarly contends that the instructions failed to include the conduct identified in the Bill of Particulars, and combined with the definitions of "sexual penetration" and "sexual contact," increased the possible prohibited acts.[4]

In the Bill of Particulars, the specified sexual acts were as follows:

> **As to Count 2**: The State contends that between November 1, 2014 and August 31, 2018, in the County of Hawaiʻi, the Defendant, engaged in continuing course of conduct in which he intentionally, knowingly, or recklessly committed three or more acts of sexual penetration and/or sexual contact with [the complainant], a minor born in the year 2006 and who was less than 14 years-old, to wit by: cunnilingus, i.e., using his tongue and/or mouth to lick and/or touch [complainant's] **genitals**; and/or touched and/or penetrated [the complainant's] **genitals** with his penis and/or hand and/or object.  The State further contends the Defendant had recurring access to [the complainant] during this time period.

(Some emphases added.)

As with Count 1, the instruction to the jury did not include the Bill of Particular Count 2 acts.  And the

---

[4]  Masuda-Mercado also asserts that the two "items" in the instruction should have been elements.  Count 2 enumerates three elements followed by:

> The State must also prove beyond a reasonable doubt:
>
> 4.  That the Defendant acted intentionally or knowingly with respect to elements 1 and 2 above; and
>
> 5.  That this occurred on or between November 1, 2014 through August 31, 2018, in the County and State of Hawaiʻi.  The exact date is not required.

There was no fatal flaw in the labeling here.

instruction included the definitions for sexual penetration quoted above and the following definition for sexual contact:

> "Sexual contact" means any touching, other than acts of "sexual penetration", of the <u>sexual or other intimate parts</u> of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.

(Emphasis added.)

When comparing the acts identified in the Bill of Particulars Count 2 and the definition of "sexual contact" in the instruction, the Bill of Particulars Count 2 limited sexual contact to the touching of complainant's genitals whereas the jury was instructed more expansively that "sexual contact" meant any touching of sexual or other intimate parts.

Where some of the testimony referred to "privates" as opposed to "genitals," there was a reasonable possibility that omitting the specific acts in the Bill of Particulars Count 2 from the instruction while including the expansive definition of sexual contact may have contributed to Masuda-Mercado's Count 2 conviction.

(**3**) Lastly, Masuda-Mercado argues that HRS § 707-733.6 is unconstitutional.

Following briefing in this case, the Hawaiʻi Supreme Court decided <u>State v. Tran</u>, upholding HRS § 707-733.6's unanimity requirements as constitutional. 154 Hawaiʻi 211, 218-24, 549 P.3d 296, 303-09 (2024).

9

For the foregoing reasons, we vacate the circuit court's December 16, 2022 Judgment of Conviction and Sentence, and remand this case for a new trial.

DATED:  Honolulu, Hawai'i, September 10, 2024.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Charles E. Murray III,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge